**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Finn W. CONTINI, Defendant–
Appellant.**

**No. 05–30571.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007 *.

Filed Feb. 8, 2007.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Helen J. Brunner, Esq., Katheryn Kim Frierson, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

William T. Hines, Esq., Seattle, WA, for Defendant–Appellant.

Before: FISHER and TALLMAN, Circuit Judges, and MILLS **, District Judge.

MEMORANDUM ***

Appellant Finn W. Contini appeals his 48–month prison sentence following his guilty-plea conviction for conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1346, and money laundering, in violation of 18 U.S.C. § 1957. The parties know the facts and procedural history, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, we reject Contini's claim that his prison sentence violates the Eighth Amendment. Although Contini suffers from numerous medical conditions, he has presented no evidence that the Bureau of Prisons could not provide constitutionally acceptable treatment. *See United States*

** The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. Kidder,* 869 F.2d 1328, 1330–31 (9th Cir.1989).

■ Second, the district court did not err by imposing a twenty-level upward adjustment under U.S.S.G. § 2B1.1(b)(1)(K). $7.1 million is a reasonable estimate of the software Contini sold, and the district court did not err by setting loss at this amount based on the record before it. *See* UNITED STATES SENTENCING GUIDELINES MANUAL § 2B1.1 cmt. n. 2(C) (2002).

■ Third, the district court did not err by imposing a two-level upward adjustment under U.S.S.G. § 3B1.1(c) for Contini's role in the offense. The record shows that Contini exercised supervisory authority over other former Microsoft employees in committing the crime, as he instructed other members of the conspiracy how to order the Microsoft software, which software to order, and where to deliver the software. Adopting these factual findings was not clearly erroneous. Moreover, both upward adjustments that the district court applied to Contini's sentence only needed to be established by a preponderance of the evidence. This court has held that proof beyond a reasonable doubt is unnecessary for sentencing enhancements, *see United States v. Staten,* 466 F.3d 708, 717 (9th Cir.2006), and that the clear and convincing standard does not apply to drug quantity enhancements, *see United States v. Kilby,* 443 F.3d 1135, 1141 n. 1 (9th Cir.2006), which are analogous to the financial loss enhancement at issue here.

■ Fourth, the district court's sentence is reasonable. The record shows that the district court considered the statutorily designated factors under 18 U.S.C. § 3553(a), and did not plainly err in its manner of doing so. The district court departed downward from the advisory Guidelines range to avoid unwarranted sentencing disparities among Contini and his co-conspirators, and recommended to the Bureau of Prisons that Contini serve his sentence at a medical facility, accounting for Contini's medical conditions.

■ Finally, the district court did not commit plain error by setting restitution at $7.1 million because this amount represents the wholesale "value of the property" Contini sold. *See* 18 U.S.C. § 3663A(b)(1)(B)(i) (requiring a district court to order the defendant to pay an amount equal to the "value of the property" at the date of the offense or at the date of sentencing, whichever is greater, where the offense results in the victim losing the property). Contini deprived Microsoft not only of the software, but also of the revenue Microsoft could have realized from licensing the software to the numerous customers who would otherwise have legitimately paid to use it.

AFFIRMED.